Hand-Delivered

FILED
CHARLOTTE, NC

FEB 29 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No: 23-cv-____

ANTONIO R. MOUER, )
)
    Plaintiff, )
)
v. ) **COMPLAINT** 3:24-CV-248-FDW
)
ENVIVA INC., )
)
    Defendant. )
_____)

Plaintiff Antonio Mouer ("Mr. Mouer") brings this Complaint against Defendant Enviva Inc. ("Enviva").

## PARTIES, JURISDICTION AND VENUE

1. Mr. Mouer is a citizen and resident of the State of North Carolina. He resides within the Western District of North Carolina and is a former Enviva employee.

2. Defendant Enviva: (i) is a corporation organized under the laws of the State of Delaware; (ii) has a principal office located in the State of Maryland; and (iii) transacts business within North Carolina.

3. This Court has jurisdiction over both the subject matter of this action and the parties. Venue also is proper in this Court.

## FACTS

4. Mr. Mouer (age 58) has succeeded throughout his professional career. An accomplished engineer, Mr. Mouer has over thirty (30) years of experience in the Energy, Iron & Steel and Engineering Consulting sectors.

5. Mr. Mouer joined Enviva in February 2022, hired to work on the Bond Mississippi project (a new plant facility) as a direct report to Raj Desai (Bond Program Director).

6. At all relevant times, including through his unlawful termination, Mr. Mouer performed his job in a satisfactory manner.

7. Due to a project delay and the departure of the Epes, Alabama Project Manager, Mr. Mouer transferred to the Epes project, reporting directly to Michael Crisler (Epes Program Director). Based upon his work, Mr. Mouer received a positive performance review for FY2022, along with receiving his full bonus and pay raise.

8. In approximately March 2023, and without notifying Mr. Mouer, Enviva changed Mr. Mouer's direct reporting manager to Jonathan Moore, the new Vice-President of Construction. Mr. Crisler also reported to Mr. Moore, but no longer served as Mr. Mouer's immediate supervisor.

9. At approximately the same time, two other employees puzzlingly became part of Mr. Mouer's work "group" as part of the March 2023 re-organization.

   a. One employee was Tyrone Bowman (age 62), who began reporting directly to Mr. Moore as of approximately April 2023. Notably, before April 2023, Mr. Bowman primarily worked on smaller projects (including existing plant upgrades), in stark contrast to the new and larger plant construction projects where Mr. Mouer had worked. Put another way, Mr. Bowman and Mr. Mouer performed entirely different job functions, so much so that there was no legitimate reason to transfer Mr. Bowman into Mr. Mouer's work group.

   b. The other employee was Michael Nerbun (age 35), who was not hired until approximately April 2023. Although Mr. Nerbun ostensibly reported to Mr. Moore, Enviva assigned Mr. Nerbun to the Epes, Alabama site as a Construction Manager, reporting directly to Mr. Mouer.

10. At the time it re-organized Mr. Mouer's "group" in or about April 2023, Enviva and Mr. Moore: (i) wanted to terminate Mr. Mouer and replace him with a younger employee; (ii) knew that Enviva would be engaging in an upcoming reduction-in-force ("RIF"); and (iii) knew that a proper "group" consisting of just Mr. Mouer and Mr. Nerbun (being hired to replace Mr. Mouer) would provide objective evidence of unlawful age discrimination.

11. Given the facts in Paragraph 11, Enviva and Mr. Moore intentionally and pretextually included Mr. Bowman in Mr. Mouer's work "group" before implementing the RIF so it would be less apparent that Enviva was engaging in unlawful age discrimination.

12. In June 2023, Enviva advised Mr. Mouer that it was terminating his employment effective July 14, 2023, ostensibly as part of a larger RIF. In the RIF paperwork, Enviva wrongly and pretextually claimed that the "decisional unit" for Mr. Mouer's group included Mr. Mouer, Mr. Nerbun and Mr. Bowman.

13. The RIF had an overwhelming impact on employees over the age of 40. Moreover, and consistent with their pretextual and unlawful plan, Enviva terminated Mr. Mouer and retained Mr. Nerbun even though Mr. Nerbun had substantially less experience and seniority than Mr. Mouer and was otherwise less qualified for a Project Manager position than Mr. Mouer.

14. Thereafter, Enviva promoted Mr. Nerbun to Project Manager (Mr. Mouer's old position) following Mr. Mouer's termination.

15. Due to Enviva's unlawful conduct, Mr. Mouer has experienced substantial emotional and other distress.

16. Enviva's actions as set forth above were willful, wanton and malicious. As a direct result of such actions, Mr. Mouer has suffered substantial damages.

3

17. Following his unlawful termination, Mr. Mouer filed a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, the EEOC issued a right to sue letter, which is attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF
### (Age Discrimination in Employment Act – Age Discrimination)

18. The allegations in paragraphs 1 through 17 are incorporated by reference.

19. At all relevant times, Enviva has been an "employer" within the meaning of the Age Discrimination in Employment Act ("ADEA").

20. At all relevant times, Mr. Mouer performed his job in satisfactory manner while employed at Enviva.

21. Enviva terminated Mr. Mouer based upon his age, in violation of the ADEA.

22. Enviva's ADEA violations were intentional and willful.

23. As a direct and proximate cause of Enviva's ADEA violations, Mr. Mouer has sustained substantial economic and non-economic damages. Defendants engaged in intentional and/or negligent misconduct against Mr. Mouer by, among other things, making false representations and omissions to Mr. Mouer, including as alleged herein.

## SECOND CLAIM FOR RELIEF
### (Wrongful Discharge in Violation of Public Policy)

24. The allegations in paragraphs 1 through 23 are incorporated by reference.

25. Mr. Mouer performed his job in a satisfactory manner at all relevant times.

26. At all times relevant to this Complaint, Mr. Mouer was within the class of persons protected by N.C. Gen. Stat. Sec. 143-422.2 and/or other applicable law.

27. It is the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination

or abridgment on account of age by employers that regularly employ fifteen (15) or more employees.

28. Enviva terminated Mr. Mouer because of his age.

29. Mr. Mouer has suffered damages as a result.

WHEREFORE, Mr. Mouer respectfully requests the following relief:

    a. Judgment against Enviva for compensatory damages plus interest as allowed by law and to be more particularly determined at trial;

    b. Judgment against Enviva for punitive damages plus interest as allowed by law and to be more particularly determined at trial;

    c. That he recover from Enviva reasonable attorney's fees and costs if incurred in the prosecution of this action, plus interest as allowed by law;

    d. That all costs of this action be taxed against Enviva;

    e. That all issues in this case be tried by a jury; and

    f. For such other and further relief that the Court deems appropriate.

Respectfully submitted this 29th day of February, 2024.

_/s/ Antonio R. Mouer_
Antonio R. Mouer
9907 Glenburn Lane
Charlotte, NC 28278
Telephone: (704) 499-7171
Email: armouer@yahoo.com
*Plaintiff*